IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EVA CADONIA FRY, Individually and as Surviving Spouse of BENNY DALE FRY, Deceased,<br>    Plaintiff,<br><br>v.<br><br>AMERICAN HOME ASSURANCE COMPANY,<br>    Garnishee. | §<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 6:14-cv-00131-JHP<br>§<br>§<br>§ |

### NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§1332, 1441 and 1446, Garnishee, American Home Assurance Company (hereinafter "American Home" or "Garnishee"), files this Notice of Removal on the basis of diversity of citizenship and jurisdictional amount, and respectfully shows the Court the following:

### I.

### BACKGROUND

1.1   The state court action was commenced by Plaintiff/Garnishor, Eva Cadonia Fry, Individually and as the Surviving Spouse of Benny Dale Fry, Deceased (hereinafter "Plaintiff" or "Garnishor"), on October 30, 2009, in the District Court of Pittsburg County, Oklahoma, Cause No. CJ-09-363, styled *Eva Cadonia Fry, Individually and as Surviving Spouse of Benny Dale Fry, Deceased v. Devon Energy Production Company, L.P., et al.* American Home was not a party to the action.

1.2   Defendant AOK Energy Services, LLC ("AOK Energy") never appeared or answered Plaintiff's Petition.

GARNISHEE'S NOTICE OF REMOVAL - PAGE 1

1989889 v1
08414-703

1.3    Plaintiff moved for default judgment against AOK Energy, which was granted with judgment entered on June 29, 2012. *See* Final Journal Entry of Judgment as to AOK Energy, Exhibit 1.

1.4    On August 30, 2013, Plaintiff filed a Post-Judgment General Garnishment Summons and Affidavit asking American Home to deliver to plaintiff "the amount of judgment rendered against the judgment debtor [AOK Energy], which has a present balance of $6,730,589.00 in damages, $240.00 for costs, $973,198.00 for pre-judgment interest, and an award of post-judgment interested in an amount to be determined, costs of the garnishment proceeding at $54.30 and $20.00 for service of the garnishment." *See* Post-Judgment General Garnishment Summons and Affidavit, Exhibit 2.

1.5    The Post-Judgment General Garnishment Summons and Affidavit were served upon American Home by serving the Oklahoma Insurance Commissioner on March 6, 2014. *See* Correspondence from Insurance Commissioner to American Home, Exhibit 3.

1.6    American Home filed its Answer on March 31, 2014. *See* Garnishee's Answer to Post-Judgment General Garnishment Summons, Exhibit 4.

1.7    American Home now seeks removal of the garnishment action to this Court based on the reasons set forth below.

## II.

### AUTHORITY

2.1    "Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute... ." *Rasul v. Bush*, 542 U.S. 466, 489 (2004). For a federal court to have original jurisdiction of a case or controversy, there must exist a federal

question or diversity jurisdiction. This matter is removed to this Court on the basis of diversity jurisdiction.

2.2     For purposes of removal under 28 U.S.C. §1441, a corporation shall be deemed a citizen of any state by which it has been incorporated and in the state where it has its principal place of business. 28 U.S.C. §1332(c). While Congress never defined a "principal place of business," the Supreme Court unanimously held that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 93, (2010).

2.3     American Home was at the time the lawsuit was originally filed, and at the date of this Notice remains, a corporation incorporated and existing under the laws of New York, keeping its principal place of business in New York. Plaintiff, according to Plaintiff's pleadings, is a citizen and resident of Oklahoma. Thus, diversity exists between Plaintiff and American Home.

2.4     In addition, where a garnishee has denied liability to the judgment debtor, the judgment creditor's and judgment debtor's interests are aligned on the same side for purposes of determining diversity of citizenship. *See Thames v. Evanston Ins. Co.*, 2014 WL 991722 (N.D. Okla. Mar. 13, 2014) (citing *Smotherman v. Caswell*, 755 F.Supp. 346, 348 (D. Kan. 1990)). Accordingly, AOK Energy's interest in this action is aligned with plaintiff's interest. Therefore, complete diversity exists between the parties.

2.5     A garnishment action is removable to federal court where the requirements for federal jurisdiction have been met. *See Thames*, 2014 WL 991722 * 2 ("a garnishment proceeding initiated in Oklahoma state court may be removed to federal court pursuant to 28 U.S.C. §1441(a) where the requirements of diversity jurisdiction are otherwise satisfied"); *see*

*also Smotherman,* 755 F.Supp. at 348 (applying federal law and finding a garnishment proceeding to be a distinct civil action because it is separate from the underlying action and "involves a new party litigating the question of a new liability."); *Spriggs v. Wolf,* 496 F.Supp. 990, 991 (W.D. Okla. 1979) (applying Oklahoma law) ("Under Oklahoma law a garnishment proceeding is an action separate from the action seeking to establish liability, and a trial on the merits is contemplated. Thus, it has been held that garnishment proceedings commenced in an Oklahoma state district court may be removed to federal district court if the requirements for federal jurisdiction have been met.").

2.6   Because diversity of citizenship exists between the parties and because the amount in controversy is greater than the jurisdictional minimum, jurisdiction over this matter is proper in this Court.

2.7   This Notice of Removal is timely filed within thirty days of March 6, 2014, the date Garnishee was first served with the Post-Judgment General Garnishment Summons and Affidavit, which was the initial pleadings setting forth the claim for relief upon which this action is based.

2.8   Finally, this Notice of Removal has been removed to the proper Federal District Court. The pertinent language of 28 U.S.C. §1446(a) provides that the Notice of Removal shall be filed in "the district court of the United States for the district and division within which such action is pending." Currently, this action is pending in the District Court of Pittsburg County, State of Oklahoma. The Eastern District of Oklahoma includes the County of Pittsburg. *See* 28 U.S.C. §116(b). Therefore, removal to this Court is proper.

2.9     Pursuant to 28 U.S.C. §1446(a), American Home will serve written notice of the filing of this Notice of Removal upon plaintiff, as well as a copy of the Notice of Removal with the Clerk of the District Court in and for Pittsburg County, State of Oklahoma.

2.10    Copies of all process, pleadings and orders filed or served upon Garnishee in the aforementioned state action are attached hereto, marked as Exhibits 1-9.

WHEREFORE Garnishee, American Home Assurance Company removes this action from the District Court in and for Pittsburg County, State of Oklahoma, to the United States District Court for the Eastern District of Oklahoma.

Respectfully submitted,

s/Molly E. Raynor
Molly E. Raynor
OK Bar No. 30223
mraynor@thompsoncoe.com
Ellen Van Meir [admission pending]
evanmeir@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, LLP
700 N. Pearl Street, Suite 2500
Dallas, Texas 75201
(214) 871-8200
(214) 871-8209 - FAX

ATTORNEYS FOR GARNISHEE
AMERICAN HOME ASSURANCE COMPANY

## CERTIFICATE OF SERVICE

On April 7, 2014, the foregoing was served on the following parties via electronic notice and/or certified mail, return receipt requested:

| | |
|---|---|
| Wilson T. White | Cindy Smith, Court Clerk of Pittsburg County |
| 5508 South Lewis Avenue | 122 E. Carl Albert Parkway |
| Tulsa, OK 74105 | McAlester, OK  74501-5020 |
| **Attorney for Plaintiff** | |

s/Molly E. Raynor
Molly E. Raynor