# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

EVE CADONIA FRY, Individually and )
as Surviving Spouse of BENNY DALE )
FRY, Deceased. )
                                                 )
          **Plaintiff,**              )
                                               )
v.                                             )     Case No. CIV-14-131-RAW

AMERICAN HOME ASSURANCE )
COMPANY, )
          **Defendant.**           )

## **ORDER**

Before the court is the motion of the defendant for summary judgment. A lawsuit was filed in the District Court of Pittsburg County, State of Oklahoma, CJ-09-363. Mr. Benny Fry was struck and killed by a dump truck while employed by AOK Energy ("AOK") as a laborer. American Home Assurance Company ("American Home") was the insurer for AOK, and declined to defend or indemnify in the state court action. In due course, plaintiff took a default judgment against AOK. Plaintiff then filed a post-judgment garnishment affidavit seeking from American Home the amount of the judgment. The defendant removed the action to this court on April 14, 2014.[1]

---

[1] A garnishment action is a distinct civil action under both federal and Oklahoma law, and a garnishment proceeding initiated in Oklahoma state court may be removed to federal court where the requirements of diversity jurisdiction are otherwise satisfied. *Thames v. Evanston Ins. Co.,* 2014 WL 991722, *2 (N.D.Okla.2014). Moreover, an action of this type is not a "direct action" within the meaning of 28 U.S.C. §1332(c)(1) and does not violate Oklahoma's prohibition on direct actions against insurers. *Id.* at *3.

Summary judgment is appropriate only if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Rule 56(a) F.R.Cv.P. The court views all evidence and any reasonable inferences that might be drawn therefrom in the light most favorable to the non-moving party. *Wahlcometroflex, Inc. v. Westar Energy, Inc.,* 773 F.3d 223, 226 (10th Cir.2014). Here, the facts and documents are largely agreed to, and this case appears to present only a legal question.

Plaintiff seeks to invoke both the duty to defend and the duty to indemnify represented by an insurance policy. Under Oklahoma law, the duty to defend is separate from, and broader than, the duty to indemnify, but the insurer's obligation is not unlimited. *Hanover American Ins. Co. v. Balfour,* 2015 WL 250607, *2 (10th Cir.2015). The duty to defend is triggered whenever the insurer ascertains the presence of facts that give rise to the potential of liability under the policy. *Id.* In contrast, although an insurer must defend its insureds in Oklahoma state court against all claims, it need only indemnify claims falling within the policy's scope. *Automax Hyundai South, L.L.C. v. Zurich American Ins. Co.,* 720 F.3d 798, 806 (10th Cir.2013).

This in turn raises a corollary question, one of standing. "There is a difference of opinion as to whether an injured party is a third-party beneficiary." 17 *Couch on Insurance 3d* §242:24 (2014). "On one hand, in some jurisdictions, an injured party is an intended beneficiary of a liability policy." *Id.* "In other jurisdictions, an injured party is not a third-party beneficiary permitted to sue a tortfeasor's insured directly, at least until a judgment is

2

obtained against the insured." *Id.* (footnotes omitted). The status of Oklahoma law does not appear perfectly clear. The Supreme Court of Oklahoma has generally rejected the right to bring a direct action absent statutory edict. *Daigle v. Hamilton,* 782 P.2d 1379, 1383 (Okla.1989).[2]

Plaintiff cites *Sizemore v. Cont'l Cas. Co.,* 142 P.3d 47 (Okla.2006), in which the court held that "[w]orkers in Oklahoma enjoy both a contractual and a statutory status as third party beneficiaries of a workers' compensation insurance agreement." *Id.* at 51. Such an agreement is not at issue in the case at bar. Defendant does not dispute plaintiff is a beneficiary in that respect. (#30 at 7). Plaintiff has pointed to no policy language which expressly deems an injured party as a third-party beneficiary. Plaintiff has, however, obtained a final judgment against the insured. The court finds plaintiff has standing either in a limited respect as a third-party beneficiary, or at minimum as a judgment creditor.

Assuming *arguendo* plaintiff is a third-party beneficiary of the policy, the court rejects plaintiff's argument that it is entitled to invoke the defendant's duty to defend, a broader duty than the duty to indemnify under Oklahoma law.[3] The duty to defend runs to the insured and only the insured. Permitting a third party to invoke it is too much of a departure from the concept of privity of contract. Plaintiff has cited no authority to the contrary.

---

[2] The court did state that (in the context of automobile insurance) "the insurer is to indemnify the insured once liability is imposed upon the insured by a final judgment." *Id.*

[3] As defendant states: "The duty to defend is not at issue in this litigation. American Home's duty to indemnify its insured for Plaintiff's judgment is, arguably, the only duty at issue." (#30 at 4).

3

The court now turns to the question of liability. In denying coverage, defendant asserted that plaintiff's lawsuit alleged intentional acts on the part of AOK and that defendant did not owe a defense or indemnity for such allegations. (#29-2).[4] Thereafter, plaintiff filed an amended petition, deleting the word "intentional" and "intentionally" from the allegations. In plaintiff's view, this served to "remedy" the specific reason given by defendant for the denial of coverage. After the filing of the first amended petition, American Home took no further action.

Plaintiff therefore argues that defendant is barred from asserting new coverage denials in this litigation under the "mend the hold" doctrine. This doctrine basically states that a party is estopped from changing its reason for the conduct at issue once litigation has begun. *See Ohio & Miss. Ry. v. McCarthy,* 96 U.S. 258, 267-68 (1877), but has most frequently appeared in insurance litigation. The odd term derives from wrestling, meaning to get a better grip, or hold, on your opponent. *Harbor Ins. Co. v. Continental Bank Corp.,* 922 F.2d 357, 362 (7th Cir.1990). It does not appear Oklahoma has adopted this doctrine, although it was mentioned in passing in *Morrison v. Atkinson,* 85 P. 472 (Okla.1906).

Oklahoma does recognize the somewhat similar doctrine of equitable estoppel, but the elements of that doctrine include false representation and detrimental reliance. *See Carter v. Schuster,* 227 P.3d 149, 154 (Okla.2009). Plaintiff has not shown that the letter denying

---

[4]Although the case was not cited in the letter, defendant plausibly states in briefing that it saw plaintiff as invoking the limited exception to worker's compensation exclusivity recognized in *Parret v. UNICCO Serv. Co.,* 127 P.3d 572 (Okla.2005).

4

coverage contained false representations. On its face, the letter simply sets forth the insurer's analysis and reasons for denial based upon the allegations in the state court lawsuit. Detrimental reliance also has not been shown, as the letter states that American Home "expressly reserves all of its rights under the Policy, including the right to assert additional defenses to any claims for coverage, if subsequent information indicates that such action is warranted."

Plaintiff additionally cites *Spradley v. Owens-Ill. Hourly Emps. Welfare Benefit Plan,* 686 F.3d 1135, 1140 (10th Cir.2012), in which the court stated that in an ERISA case, "when reviewing a plan administrator's decision to deny benefits, we consider only the rationale asserted by the plan administrator in the administrative record." The Tenth Circuit explains, however, that this standard is set forth in governing regulations. The underlying rationale is that "[a]llowing plan administrators to offer new justifications for a denial after the claims process has ended would undermine the claims system that Congress envisioned when it drafted ERISA's administrative review provisions." *George v. Reliance Standard Life Ins. Co.,* 2015 WL 216729, *3 (5th Cir.2015). This court finds this distinguishable from the "mend the hold" doctrine and does not adopt plaintiff's analogy. The court declines to apply either "mend the hold" or equitable estoppel.

Finally, as to the merits of the denial itself, once again the court agrees with defendant. Under existing law, plaintiff essentially faced a "Catch 22" situation. The policy involved here provided coverage only for an employee's bodily injury by accident or disease.

5

"[A] personal injury or wrongful death claim brought in a civil action under *Parret* cannot be deemed to involve an 'accident' within the common meaning of that term." *Cudd Pressure Control, Inc. v. New Hampshire Ins. Co.,* 2014 WL 2712238, *7 (W.D.Okla.2014). On the other hand, "[t]o the extent plaintiff has negligence claims against defendant, they must be pursued in the Workers' Compensation Court." *Charlton v. Ardent Health Services, LLC,* 2006 WL 1836048 (N.D.Okla.2006). Plaintiff's garnishment action against defendant insurer fails because coverage was properly denied.

It is the order of the court that the motion of the defendant for summary judgment (#21) is hereby granted.

**ORDERED THIS 9th DAY OF FEBRUARY, 2015.**


**Dated this 9th day of February, 2015.**


_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma