FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

February 25, 2016

TENTH CIRCUIT

Elisabeth A. Shumaker
Clerk of Court

| | |
|---|---|
| EVE CADONIA FRY, individually and as surviving spouse of Benny Dale Fry, deceased,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>AMERICAN HOME ASSURANCE COMPANY,<br><br>    Defendant - Appellee. | No. 15-7012<br>(D.C. No. 6:14-CV-00131-RAW)<br>(E.D. Okla.) |

### ORDER AND JUDGMENT[*]

Before **GORSUCH**, **BACHARACH**, and **McHUGH**, Circuit Judges.

After her husband was tragically killed while working on an oil well, Eve Fry sued his employer, AOK Energy Services, in Oklahoma state court. But Ms. Fry faced a problem: Oklahoma's Workers' Compensation Act. That statute affords some compensation to relatives of workers who suffer fatal "accidents" while on the job. Okla. Stat. tit. 85, § 11 (2006). But it also generally forbids

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

workers and their heirs from suing an employer for more money. *See id.* § 12. So it seemed Ms. Fry faced a statutory barrier to suit.

Seeking a way around the problem Ms. Fry appealed to *Parret v. UNICCO Service Co.*, 127 P.3d 572 (Okla. 2005). In *Parret*, the Oklahoma Supreme Court held that tort claims alleging *intentional* or *knowing* misconduct are not barred by the workers' compensation statute because it addresses only "*accidents.*" *Id.* at 579. Taking this cue, Ms. Fry filed suit against AOK alleging that the company had operated a hazardous job site "with the knowledge that there was a substantial certainty that serious injury or death would occur" to her husband. In reply to Ms. Fry's suit, AOK asked its insurer, American Home Assurance Company, to mount a defense. But American Home refused and when AOK also failed to defend the suit, Ms. Fry won a default judgment.[1]

After her success against AOK, Ms. Fry turned her sights to American Home, filing this garnishment action against the insurer. And this time American Home mounted a vigorous defense — first removing the action to federal district court and then moving for summary judgment on the ground that its policy did not cover Ms. Fry's claim as a matter of law. Ultimately, the district court agreed and entered judgment for the insurer.

---

[1] The Oklahoma legislature has since effectively overruled *Parret*, making clear that the state workers' compensation scheme bars even claims like Ms. Fry's. *See* Okla. Stat. tit. 85, § 12 (2010), *repealed and recodified at* Okla. Stat. tit. 85A, § 5(B)(2) (2015).

Now Ms. Fry asks us to reverse that judgment, but we don't believe we can. By its express terms American Home's policy covers only "bodily injury by accident." As the Oklahoma Supreme Court has explained, the term "accident" means "[a]n event that takes place without one's foresight or expectation; an undesigned, sudden and unexpected event, chance, contingency." *U.S. Fid. & Guar. Co. v. Briscoe*, 239 P.2d 754, 757 (Okla. 1951) (per curiam) (internal quotation mark omitted). And by Ms. Fry's admission, her judgment against AOK rests on (and to avoid the workers' compensation statute had to proceed on) a claim that her husband's death was the result of anything but an "accident" and the product instead of "knowing" misconduct. *See Parret*, 127 P.3d at 579. Given this concession, we cannot help but find American Home's policy inapplicable as a matter of law. *See Pa. Mfrs. Ass'n Ins. Co. v. Lechner*, 910 F. Supp. 2d 1291, 1295-99 (N.D. Okla. 2012); *Am. Interstate Ins. Co. v. Wilson Paving & Excavating, Inc.*, No. 09-CV-342-JHP-TLW, 2010 WL 2624133, at *4-6 (N.D. Okla. June 25, 2010); *Evanston Ins. Co. v. Dean*, No. 09-CV-0049-CVE-TLW, 2009 WL 2972336, at *7-8 (N.D. Okla. Sept. 11, 2009); *CompSource Okla. v. L&L Constr., Inc.*, 207 P.3d 415, 420-22 (Okla. Civ. App. 2008).

Even if American Home's argument against coverage is compelling on the merits, Ms. Fry contends that *Broom v. Wilson Paving & Excavating, Inc.*, 356 P.3d 617 (Okla. 2015), precludes the insurer from presenting it in this case because it neither defended AOK in the underlying litigation nor later moved to

vacate the judgment entered in that case.  But we do not read *Broom* as Ms. Fry does.  As we understand the decision, an insurer who refused to defend its insured in a prior suit was forbidden in a subsequent garnishment action from contesting issues actually and necessarily decided in the prior suit.  *See id.* at 626-27, 634.  Really, then, the case was all about issue preclusion.  And before this court Ms. Fry has not identified any issue, factual or legal, resolved in her liability dispute against AOK that American Home seeks to relitigate in this insurance coverage dispute.  To the contrary, American Home accepts the *Parret*-based judgment against AOK but simply contends that, as described by Ms. Fry in this appeal, that judgment is not covered by its policy.  And, as American Home rightly notes, this coverage question was not at issue in the underlying action against AOK.  S*ee generally U.S. Fid. & Guar. Co. v. Dawson Produce Co.*, 68 P.2d 105, 106 (Okla. 1937); *Henderson v. Eaves*, 516 P.2d 270, 272-73 (Okla. 1973); *Hildebrand v. Gray*, 866 P.2d 447, 449-51 (Okla. Civ. App. 1993).

      Failing all else, Ms. Fry argues that American Home is barred from "mending its hold" — that it has forfeited the right to deny coverage because it has shifted its rationale for doing so over time.  But even assuming without deciding that Oklahoma would recognize a doctrine along these lines, we do not see how it might be fairly applied on the facts here.  The record shows that American Home's reasons for denying coverage have remained consistent from its initial denial through this appeal.  In its 2009 coverage denial letter, American

Home explained that its policy covered only "bodily injury by accident" and excluded any injuries "intentionally caused" by AOK. *See* Aplt. App. at 234-35. Precisely the same sort of arguments American Home pressed in its motion for summary judgment, *see id.* at 242-43, 245-46, and in its brief on appeal, *see* Aple. Br. at 2-3. Ms. Fry faults American Home for failing to cite *Parret* in its 2009 letter. But we are not aware of any authority placing dispositive weight on the presence or absence of citation to legal authority in coverage denial letters. Indeed, the authority on which Ms. Fry relies seems to require only fair notice of the theory for denying coverage — and that much has been consistently provided here. *See* Eugene R. Anderson & Nadia V. Holober, *Preventing Inconsistencies in Litigation with a Spotlight on Insurance Coverage Litigation*, 4 Conn. Ins. L.J. 589, 695-98 (1998).

The motion for summary disposition is denied and the judgment of the district court is affirmed.

                              ENTERED FOR THE COURT


                              Neil M. Gorsuch
                              Circuit Judge